IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

FILED
OCTOBER 9, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CECIL CLAYTON JONES, JR., § § Petitioner, § § v. § NATHANIEL QUARTERMAN, Director, § Texas Department of Criminal Justice, § Criminal Institutions Division, § § Respondent. § | 2:08-CV-0126 |

# REPORT AND RECOMMENDATION
# TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner CECIL CLAYTON JONES, JR., a state prisoner currently confined in the Clements Unit, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. It appears petitioner is confined pursuant to two (2) 1986 convictions out of the 36th Judicial District Court of Aransas County, Texas for the offenses of unauthorized use of a motor vehicle and burglary, and is serving 25-year concurrent sentences assessed on such convictions. *See State v. Jones*, No. 2039 and 2040.

By the instant habeas application, petitioner alleges the terms of his 1986 plea agreement have been violated in that his sentence of 25 years has been extended by at least 2 years, 104 days.[1] Specifically, petitioner contends his parole certificate showed a discharge date of May 10,

---

[1] As petitioner's sentences are running concurrently, the Court will refer to the sentences singularly as one 25-year sentence.

hab54\r&r\jones-126.exttime:2

2011 but his discharge date is now August 22, 2013. Petitioner concludes he is thus serving a 27-year sentence instead of the plea bargained 25-year sentence.

In his application, petitioner advises this Court that the ground alleged herein is being presented to a court for the first time because "knowledge of this violation was only recently discovered through constant research and due diligence." However, in another section of his application, petitioner advises he raised the issue of a violation of the terms of his plea bargain in a "post-sentence motion to withdraw guilty plea" raised pursuant to an 11.07 state habeas corpus action filed October 5, 2007 and denied December 5, 2007.

I.
NO VIOLATION OF PLEA AGREEMENT

Petitioner is currently confined in TDCJ-CID pursuant to the 25-year sentence he received as a result of his 1986 convictions which were entered pursuant to his plea bargained guilty pleas. In order to fully discharge his sentence, petitioner must serve a total of 25 calendar years either in prison, on conditional release, or both. Petitioner does not appear to contend he has, in fact, served 25 calendar years. Instead, petitioner argues his sentence of 25 years has been extended, and thus his plea bargain breached, because his parole certificate indicated that "[i]f Parole is satisfactorily completed" petitioner's discharge date would be May 10, 2011. Petitioner's current discharge date is August 22, 2013.

Petitioner did not satisfactorily complete his parole. Instead, his parole, granted on March 24, 1993, was revoked after a parole violation warrant was issued on or about June 1995. Petitioner only served approximately 2 years and 3 months of his parole. Petitioner is not constitutionally entitled to flat time, or calendar time, for the period of time he was out-of-prison

on conditional release. Under federal law, a prisoner does not receive credit toward his calendar time for time spent on conditional release if the prisoner violates the conditions of his release. *See United States v. Newton,* 698 F.2d 770, 772 (5th Cir.1983)*; Starnes v. Connett,* 464 F.2d 524 (5th Cir.1972); *Betts v. Beto,* 424 F.2d 1299, 1300 (5th Cir.1970). Similarly, Texas statutory law in effect at the time of petitioner's conditional release and when petitioner's parole was revoked provided that an inmate serving the remainder of his sentence after the revocation of his conditional release did not receive credit for the time from the date of the person's release to the date of revocation. Tex. Code Crim. Proc. Ann. art. 42.18 § 14(a) (Vernon 1993); Tex. Gov't Code Ann. § 508.283(c) (Vernon 1995-2001).[2] The Texas and federal laws do not raise constitutional concerns. *Thompson v. Cockrell,*263 F.3d 423, 426 (5th Cir. 1999) (*citing Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997)). Petitioner therefore does not have a liberty interest grounded in either a state law or the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole.

Petitioner is also not constitutionally entitled to credit for good time he accrued during the time he was incarcerated prior to his conditional release from prison on parole or mandatory supervision. Texas law is clear that good conduct time applies only to eligibility for release on parole or mandatory supervision and does not otherwise affect an inmate's sentence. Tex. Gov't Code Ann. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App. 1995); *see also Ables v. Scott*, 73 F.3d 591, 593 (5th Cir.), *cert. denied*, 116 S.Ct. 1696 (1996) (good time for a Texas state prisoner does not affect the actual length of sentence the prisoner has received). It is

---

[2]Certain offenders who have had their parole or mandatory supervision revoked on or after September 1, 2001, however, may be entitled to credit for a portion of time they spent on parole or mandatory supervision. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004).

also clear that upon revocation of parole or mandatory supervision, an inmate loses all good conduct time previously accrued. *See* Tex. Gov't Code Ann. § 498.004 (previously section 497.004 and Tex. Rev. Civ. Stat. art. 6181-1).[3] Upon return to the institutional division, the inmate may accrue new good conduct time for subsequent time served in the division. *Id.* Current Texas law does *not* allow the restoration of good conduct time forfeited on a revocation. *Id*. Respondent has not violated Texas law by denying petitioner credit for any previously accrued good time.

Petitioner is currently serving the 25-year sentence for which he plea bargained. Petitioner has no right to credit for the approximately 2 years and 3 months he was on parole, consequently, petitioner's discharge date has been adjusted to account for this unsuccessful period of conditional release. Petitioner's 25-year sentence has not been extended and there has been no violation of the plea bargain agreement. In order to fully discharge his sentence, petitioner must serve a total of 25 calendar years either in prison, on successful conditional release, or both. Petitioner's claim is without merit and should be DENIED.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CECIL CLAYTON JONES, JR. be DENIED.

---

[3]Texas statutes have provided for the forfeiture of good conduct time upon revocation of conditional release since 1977. *See Thompson v. Cockrell* 263 F.3d 423, 428 (5th Cir. 2001) (citing *Ex Parte Henderson,* 645 S.W.2d 469, 471 (Tex.Crim.App. 1983) (en banc) (citing Article 6181-1, Sec. 4, V.A.C.S. (effective August 29, 1977)).

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of October 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).